IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ADAM CARLTON HOWARD, ) | |
| # 184096, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv504-WHA |
| ) | (WO) |
| FREDDIE BUTLER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 filed on June 11, 2012, by Adam Carlton Howard ("Howard"), a state pretrial detainee. Doc. No. 1.[1] On January 31, 2012, a Chambers County, Alabama, grand jury indicted Howard for unlawful possession of controlled substances. That case is pending in the Chambers County Circuit Court. In his § 2241 habeas petition, Howard contends that his constitutional rights – including his right to a speedy trial – have been violated in those pending criminal proceedings. *Id*. Specifically, Howard argues that he is entitled to proceed to trial on the charges against him or to have the charges brought to "an end." *Id*. at 3.

The respondents filed an answer (Doc. No. 7) in which they argue that Howard's

---

[1] Document numbers are those assigned by the Clerk in the instant civil action. Page references in the pleadings are to those assigned by CM/ECF. References to exhibits ("Ex.") are to exhibits filed by the respondents with their answer.

petition should be dismissed without prejudice because Howard has failed to exhaust his available state court remedies as to his claim that he is being deprived of his right to a speedy trial.

## II.  DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if two requirements are satisfied.  First, the petitioner must be in custody.  *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Howard is apparently currently incarcerated and awaiting trial on criminal charges pending against him in the Circuit Court for Chambers County, Alabama.  He thus appears to satisfy the "in custody" requirement for purposes of § 2241.  Secondly, the petitioner must have exhausted his available state remedies.[2]  State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973).  Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question

---

[2] Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States."  *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

presented." Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Howard contends that he is being deprived of his right to a speedy trial in the state courts. Although the Supreme Court in *Braden* held that a petitioner may challenge a state's denial of his right to a speedy trial through a federal habeas petition, the Court made clear that, before raising such a claim in federal court, the petitioner must exhaust all available state remedies. *Braden*, 410 U.S. at 488-90. A criminal defendant in Alabama may file a motion for a speedy trial or a state petition for writ of habeas corpus in state court to address alleged speedy trial violations. *See Williams v. State*, 511 So. 265 (Ala. Crim. App. 1987). Although Howard cursorily asserts in his petition that he filed a "speedy trial motion" (Doc. No. 1 at 2), the Case Action Summary for his Chambers County case fails to indicate that any such motion has been filed. Ex. A. In addition, the respondents aver that the Chambers County Clerk's Office has confirmed that no such motion or petition has been filed by Howard. Doc. No. 7 at 4. This court afforded Howard an opportunity to reply to the respondents' answer and to show cause why his § 2241 habeas petition should not be dismissed because of his failure to exhaust state court remedies. Doc. No. 8 at 3. However, Howard did not avail himself of that opportunity. Under the circumstances, the court finds

3

that Howard has failed to satisfy the exhaustion requirement.[3]

This court does not deem it appropriate to rule on the merits of Howard's claim without first requiring that he exhaust state remedies; the court therefore concludes that the instant petition should be dismissed without prejudice so that Howard may exhaust available state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Howard be DISMISSED without prejudice to afford Howard an opportunity to exhaust all available state court remedies.  It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 1, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party

---

[3] Should Howard file a motion for a speedy trial or a state petition for writ of habeas corpus in the state court seeking redress for his speedy trial claim, he would need to follow the appropriate Alabama appellate procedures in appealing any adverse decision in order to properly exhaust his speedy trial claim.

from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 17th day of August, 2012.

                                /s/ Terry F. Moorer
                                TERRY F. MOORER
                                UNITED STATES MAGISTRATE JUDGE